IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:07-1014-JFA |
|---|---|---|
| v. | ) | ORDER |
| DEVIN SISTRUNK | ) | |

Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the defendant's motion (ECF No. 1000) is DENIED. The defendant's guideline range is unaffected by Amendment 750. The amount of crack cocaine for which defendant was held responsible (13,767.46 kilograms of marijuana equivalent[1]) produces the same base offense level under Amendment 750 as it did when defendant was originally sentenced (base offense level 36). Therefore, as this amendment did not lower defendant's guideline range, it does not apply.[2]

IT IS SO ORDERED.

February 7, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[1] 1,125 grams of crack cocaine x 3,571 grams = 4,017.38 kilograms of marijuana equivalent; 48,754 kilograms of powder cocaine x 200 grams = 9,750.08 kilograms; 4017.38 kilograms + 9,750.08 kilograms = 13,767.46 kilograms of marijuana equivalent.

[2] The defendant's guideline range at sentencing, based on a total offense level of 36 [36 + 3 (role) - 3 (acceptance) = 36 was 210 to 262 months. His amended guideline range is 210 to 262 months, which is greater than the 120 month sentence he received after a 120 month departure pursuant to 5K1.1.